**HOSPITAL & SERVICE EMPLOYEES UNION, LOCAL 399, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 85–7223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1986.

Decided Aug. 29, 1986.

---

Howard S. Rosen, Posner & Rosen, Los Angeles, Cal., for petitioner.

Joseph Oertel, N.L.R.B., Washington, D.C., for respondent.

Before FARRIS and CANBY, Circuit Judges, and SOLOMON, District Judge.*

CANBY, Circuit Judge.

Local 399 of the Hospital and Service Employees Union seeks review of an order of the National Labor Relations Board dismissing an unfair labor practice complaint against Naftalie Deutsch, Frank DeMascio and Kenneth Childs, who form a partnership that does business as the Westbrook Bowl, Valley View Bowl and Verdugo Hills Bowl (the Employer) in the greater Los Angeles area. The Board dismissed the complaint for failure to serve a copy of the charges underlying the complaint within the six-month period prescribed by section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 160(b) (1982). We grant the petition for review and reverse the Board's decision.

## BACKGROUND

On September 10, 1981, the Union filed three charges with the NLRB's Los Ange-

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

les Regional Office, alleging that the Employer had committed unfair labor practices. The Union alleged that the Employer had violated sections 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(5), (1), by refusing within the preceding two months to renegotiate its collective bargaining agreement with the Union.

One week later, the Regional Office began its investigation of the charges. It also mailed a copy of the charges to the Employer at 9911 West Pico Boulevard, Suite 580, in Los Angeles. As it turned out, the Employer had not conducted business from Suite 580 for about one year, even though the Employer's attorney had used that address in a representation petition presented to the Board only a few days before the filing of the charges at issue here.[1] Although it is the NLRB's practice to serve copies of unfair labor practice charges to employers by certified mail, the Regional Office could not produce a return receipt from the Postal Service indicating delivery of the charges.

The Employer's attorney, Michael Schmier, somehow learned that charges had been filed and contacted NLRB attorney Beverly Ware requesting copies of the charges.[2] Ware sent Schmier an enclosure letter, which he admits receiving, but she apparently forgot to include the charges. Schmier then renewed his request for the charges. Ware mailed him a second letter that included the charges, but Schmier denied having ever received it. Although the Employer participated in the initial investigation of the charges, and although Schmier personally discussed the merits of the charges with Ware, no one ever mentioned that the Employer had not received the charges.

On November 23, 1981, the Regional Office issued a complaint and served it in the same manner as it had served the charges, *i.e.,* by certified mail to the Suite 580 address. Despite the address error, the Employer received the complaint, and on December 3, 1981, Schmier filed an answer on the Employer's behalf denying each and every allegation including service of the charges.[3]

Approximately nine months later, apparently in response to a query from the Regional Office, Schmier first claimed that the charges had not been served properly. Trial before Administrative Law Judge Pollack began on November 18, 1982, and continued for 13 sessions over the next year or so. Schmier then filed a motion to dismiss the complaint for improper service of charges. The ALJ granted the motion and dismissed the action on March 27, 1984. A three-member NLRB panel affirmed in a split decision, adopting the ALJ's order and specifically finding that the Employer had no actual notice of the charges. *Westbrook Bowl,* 274 NLRB No. 145, 118 L.R.R.M. (BNA) 1489 (1985). Board Member Patricia Dennis dissented, partially on the ground that the Employer had actual notice of the charges and had suffered no prejudice.

## DISCUSSION

### I. *Standard of Review*

We will enforce an NLRB order if the Board correctly applied the law and if its findings of fact are supported by substantial evidence in the record as a whole, even

---

**1.** In fact, Deutsch owned the building at 9911 West Pico Boulevard and occupied a suite of offices in the basement, Suite B51. The evidence showed that mail was routinely forwarded from Suite 580 to Suite B51 and that several communications from the Union on matters unrelated to this proceeding were received by the Employer despite having been addressed to Suite 580. Indeed, the NLRB complaint in this case was served by mail and received by the Employer although it was also addressed to Suite 580. *See infra.*

**2.** The ALJ made no findings as to how Schmier learned that the charges had been filed.

**3.** The substantive portion of the answer reads, in its entirety:

Respondents in the above captioned case, for answer to the complaint herein, admits, denies, alleges [*sic*] as follows:

1. Denies [*sic*] the allegations contained in paragraphs 1, 2(a), 2(b), 2(c), 3, 4, 5, 6(a), 6(b), 6(c), 7(a), 7(b), 7(c), 8, 9, 10, 11, 12, 13, 14.

if we might have reached a different conclusion based on the same evidence. *NLRB v. International Brotherhood of Electrical Workers Local Union #46*, 793 F.2d 1026, 1028 (9th Cir.1986). Moreover, the Board's interpretation of the Act is entitled to deference and will be upheld if its interpretation is reasonably defensible. Nonetheless, we will not "rubber stamp" Board decisions that are inconsistent with a statutory mandate or that frustrate the policies underlying the Act. *NLRB v. International Brotherhood of Electrical Workers, Local 952*, 758 F.2d 436, 439 (9th Cir.1985).

## II.  *Actual Notice*

The Union asserts that the Employer had actual notice of the charges within the six months required under section 10(b) and so cannot now complain that service of the charges was improper. The Union points both to the Employer's participation in the initial investigation of the charges and to the fact that the Employer was served with, and answered a complaint based on, the charges within six months of the alleged violations.

### A.  *Failure to Raise the Contention Below*

■ The Board argues that we may not consider the actual-notice issue because it was not presented to the NLRB on appeal. We disagree. The record shows that the General Counsel (GC) argued the issue of actual notice before the ALJ and included the issue in its request for review and exceptions before the Board. Indeed, the Board addressed the question of actual notice in its decision, and the Dennis dissent was based in part on that issue. It is therefore clear that the issue was raised below.

We recognize that the GC never argued that service of the complaint constituted actual notice and that this form of the actual-notice argument is before us for the first time. Nonetheless, the ALJ's decision noted the uncontested fact that the Employer had received service and had answered within six months of the alleged violations. It further noted the Employer's participation in the pretrial investigation of the charges. In these circumstances, the ALJ and the Board clearly had before them facts that would permit consideration of the actual-notice question in the form in which it is now presented. Therefore, we conclude that the objection was raised at the administrative level with sufficient specificity to preserve the issue for review here. *See May Department Stores Co. v. NLRB*, 326 U.S. 376, 386–87 n. 5, 66 S.Ct. 203, 209–10 n. 5, 90 L.Ed. 145 (1945) (objection which fell "short of desirable specificity" sufficient to preserve the issue on appeal); *Hospital & Service Employees Union, Local 399 v. NLRB*, 743 F.2d 1417, 1425–26 (9th Cir.1984) (cryptic exceptions to ALJ's findings sufficient to preserve issue although it was not raised in brief to the Board).

### B.  *Substantial Evidence*

As we have said, the undisputed evidence shows that the Employer participated in the investigation before the complaint was filed. The complaint was served and answered within six months of the alleged violations. As required by Board regulations, the complaint included a statement of the charges on which it was based. *See* 29 C.F.R. §§ 101.8, 102.15 (1985); *NLRB v. Carilli*, 648 F.2d 1206, 1210 (9th Cir.1981). The Board nowhere contends that the complaint did not adequately apprise the Employer of the pending charges, and it points to nothing in the record indicating an absence of actual notice. The Employer has never claimed any prejudice because of the alleged nonservice of charges, and it did not even raise the issue until well after proceedings here were under way.

■ The record strongly suggests that the Employer was well aware of the charges against it from the beginning and raised the service-of-charges issue only as an afterthought in an effort to delay the proceedings here. In any event, we conclude that the Board's finding that the Employer did not have actual notice of the charges is unsupported by substantial evi-

dence on the record as a whole. *See Idaho Falls Consolidated Hospitals, Inc. v. NLRB*, 731 F.2d 1384, 1386–87 (9th Cir. 1984).

### C. The Requirements of Section 10(b)

■ The fact that the Employer had actual notice of the charges does not end our inquiry. We must still consider whether actual notice satisfies the requirements of section 10(b). The question is one of first impression in this circuit.

Section 10(b) is a statute of limitations designed to ensure against stale claims, *Local Lodge No. 1424, International Ass'n of Machinists v. NLRB*, 362 U.S. 411, 424, 80 S.Ct. 822, 830, 4 L.Ed.2d 832 (1960), and to ensure that the Board issues complaints only when charges have been filed and not on its own initiative, *NLRB v. Inland Empire Meat Co.*, 611 F.2d 1235, 1237 (9th Cir.1979). The service requirement is designed to encourage an early statement of position by the party charged in the hope of quick disposition of most matters through settlement or dismissal or withdrawal of the charges. *See* 29 C.F.R. § 101.4 (1985). Moreover the charges themselves are meant only to set in motion the machinery of an inquiry, while the complaint is particularly designed to give notice of the substance of the charges.[4] *NLRB v. Fant Milling Co.*, 360 U.S. 301, 307, 79 S.Ct. 1179, 1183, 3 L.Ed.2d 1243 (1959); *Inland Empire*, 611 F.2d at 1237. All of these goals underlying section 10(b) were satisfied in this case. The charges were

certainly not stale when the complaint was filed, and the complaint was clearly based on the charges. Moreover the Employer's participation in the investigation produced an early response to the charges, albeit without the desired quick resolution of the matter.

As we have said, there was no claim of prejudice to the Employer here. Although we have never faced this precise situation, we have decided cases in which charges were served within six months of the alleged violations but lacked specific allegations; greater detail was included in the complaints. In these situations, we have held that the charged party cannot complain so long as the complaint gave notice of the charges before trial. *E.g., Carilli*, 648 F.2d at 1210–11; *Inland Empire*, 611 F.2d at 1237–38. Even if the complaint fails to notify a party of a charge, we have held that no prejudice is suffered if the issue is fully and fairly litigated. *See Presto Casting Co. v. NLRB*, 708 F.2d 495, 498 (9th Cir.), *cert. denied*, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983); *Carilli*, 648 F.2d at 1211. These precedents persuade us that, where a complaint is served within six months of the violations and the Employer suffers no prejudice, it would serve only to elevate form over substance to find that section 10(b) had been violated.[5] Because the various purposes underlying section 10(b)'s six-month rule were fully served when the complaint was both served and answered within six months, we hold that section 10(b) was satisfied.[6]

---

**4.** This point is illustrated by the pleadings in this case. The charges here state in conclusionary terms that the Employer had refused to renegotiate its collective bargaining agreement with the Union. By contrast, the complaint set out in detail the alleged violations of sections 8(a)(5) and (1) of the Act.

**5.** The Courts of Appeals that have considered the question have uniformly held that section 10(b)'s six-month service rule is a statute of limitations that does not limit the Board's jurisdiction. *E.g., NLRB v. Babcock & Wilcox Co.*, 697 F.2d 724, 727 (6th Cir.1983); *NLRB v. Vitronic Division*, 630 F.2d 561, 563 (8th Cir.1979); *Shumate v. NLRB*, 452 F.2d 717, 721 (4th Cir. 1971); *A.H. Belo Corp. v. NLRB*, 411 F.2d 959,

966 (5th Cir.1969), *cert. denied*, 396 U.S. 1007, 90 S.Ct. 561, 24 L.Ed.2d 498 (1970); *NLRB v. Silver Bakery, Inc.*, 351 F.2d 37, 39 (1st Cir. 1965); *NLRB v. A.E. Nettleton Co.*, 241 F.2d 130, 133 (2d Cir.1957); *cf. NLRB v. MacMillan Ring-Free Oil Co.*, 394 F.2d 26, 31 (9th Cir.) (section 10(b) a statute of limitations, not a rule of evidence), *cert. denied*, 393 U.S. 914, 89 S.Ct. 237, 21 L.Ed.2d 199 (1968).

**6.** To the extent the Board's ruling implies that section 10(b) cannot be satisfied by actual notice of the charges, we conclude that this is a construction of the statute that is not reasonably defensible and that frustrates the policies underlying the statute. *See IBEW Local 952*, 758 F.2d at 439.

## CONCLUSION

The Board's order dismissing the complaint is REVERSED and the case is REMANDED for further proceedings.