CHARLES R. BURNS, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—88—0189

Opinion filed January 19, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Respicio F. Vazquez, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles R. Burns, of Alton, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The plaintiff Charles R. Burns filed a petition in the circuit court of Sangamon County asking the court to enjoin Jim Edgar, the Illinois Secretary of State (Secretary), from revoking plaintiff's driving privileges pending a final determination of an administrative review proceeding. The trial court granted a preliminary injunction.

At the administrative review hearing, plaintiff requested that the Secretary rescind the order of revocation. Plaintiff's request was denied and his driving privileges were revoked.

Thereafter, in the injunction proceeding, the trial court reversed the administrative decision because it was against the manifest weight of the evidence and based on an improper construction of section 6—206(a)(6) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(a)(6)). The Secretary now appeals.

The plaintiff's driving record is as follows. On January 29, 1987, plaintiff was convicted of operating a vehicle while impaired in the State of Michigan. A statutory summary suspension was entered against plaintiff's driving record and privileges, effective July 24, 1987, arising from an arrest for driving under the influence (DUI) on June 8, 1987, in Madison County. A provisional termination date of July 24, 1988, was set.

The Secretary further construed the operating while impaired

conviction in Michigan as equivalent to a DUI conviction in Illinois. An order revoking plaintiff's license and driving privileges was entered effective April 18, 1987. On April 27, 1987, plaintiff requested an administrative hearing to contest the revocation.

On April 29, 1987, plaintiff filed a petition for injunction requesting that the Secretary be enjoined from revoking plaintiff's driving privileges, pending a final determination of the administrative review proceedings. The Secretary's April 18, 1987, order was rescinded on May 15, 1987, pursuant to an order entered by the trial court on May 11, 1987, enjoining the Secretary from revoking plaintiff's driving license and privileges pending a hearing before the Secretary on the issue of whether the revocation should be entered.

An administrative hearing was conducted on June 26, 1987. At the hearing, plaintiff admitted that he was arrested in Michigan and that a breathalyzer test at that time showed he had a 0.10 blood-alcohol concentration. After considering all of the evidence, the hearing officer found that plaintiff failed to submit sufficient evidence to warrant rescission of the order of revocation, denied plaintiff's petition for rescission, and reinstated the April 18, 1987, order of revocation. On July 9, 1987, the Secretary adopted the hearing officer's findings of fact and conclusions of law, denied plaintiff's petition for the rescission of the order of revocation, and revoked his driver's license and driving privileges.

On August 17, 1987, the Secretary filed an answer in administrative review before the trial court in the injunction proceeding. Both the Secretary and plaintiff filed briefs and, on February 8, 1988, the trial court entered an order reversing the Secretary's decision on the grounds that the Secretary's decision was based on an erroneous construction of section 6—206(a)(6) of the Code and was against the manifest weight of the evidence. On February 19, 1988, the Secretary filed a motion requesting the trial court to make findings of fact and to state the propositions of law upon which the court's judgment was based. On March 1, 1988, the trial court did so, specifically finding that the Michigan operating while impaired statute was not sufficiently similar to the Illinois DUI statute as to place motorists in jeopardy under section 6—206(a)(6). The Secretary filed his notice of appeal on March 7, 1988.

■ The first issue to be considered is whether the trial court had subject matter jurisdiction to review the administrative decision in the injunction proceeding. The lack of subject matter jurisdiction of a court to enter an order cannot be waived since parties cannot create subject matter jurisdiction in a court by consent or acquiescence. As a

result, the absence of subject matter jurisdiction may be raised at any time, even in the reviewing court after the entry of the order. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.) Therefore, even though this issue was never raised or considered by the trial court in this case, the Secretary may raise the issue on appeal.

■ The Code specifically provides that any action by the Secretary canceling, suspending, revoking, or denying a license is subject to review by the circuit court of Sangamon or Cook Counties, pursuant to the provisions of the Administrative Review Law (ARL) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—421). Under the ARL, circuit courts are vested with jurisdiction to review final administrative decisions. (Ill. Rev. Stat. 1987, ch. 110, par. 3—104.) However, every action in which such review is sought must be "commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1987, ch. 110, par. 3—103.

The Illinois Supreme Court has determined that in cases where the trial court was exercising the special statutory jurisdiction conferred by the predecessor of ARL, the 35-day limit was a jurisdictional requirement with which the party seeking review must comply. *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.

The instant case presents a very unique question. Plaintiff never filed a complaint for administrative review. Instead, the Secretary filed an answer in administrative review in the injunction proceeding already initiated by plaintiff. The answer was filed more than 35 days after the administrative decision, but the record does not disclose when plaintiff was served with a copy of the decision.

■ Since plaintiff failed to file a complaint for administrative review within 35 days of being served with a copy of the decision, the trial court had no jurisdiction to review the administrative decision. The trial court could not be vested with jurisdiction by the Secretary filing an answer to a nonexistent complaint.

Having determined the trial court was without jurisdiction, it is unnecessary to consider the trial court's reversal of the administrative decision on the merits. The order of the circuit court of Sangamon County is reversed.

Reversed.

LUND and GREEN, JJ., concur.