BOARD OF EDUCATION OF JACKSONVILLE, SCHOOL DISTRICT NO.
117, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS
BOARD *et al.*, Respondents.

Fourth District No. 4—88—0691

Opinion filed June 1, 1989.—Rehearing denied July 6, 1989.

David M. Smith, of Springfield, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Sandra J. Holman, of Illinois Education Association, of Springfield, for respondent Consolidated School District No. 117 Support Personnel, IEA-NEA.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The Board of Education of Jacksonville District No. 117 (District) appeals a determination of the Illinois Educational Labor Relations Board (Board). The District argues the Board's determination was contrary to the manifest weight of the evidence. Since we have no jurisdiction over the cause, we dismiss the appeal. Therefore, we need not reach the merits of the District's argument.

Only the facts necessary to an understanding of our disposition will be reviewed. On May 17, 1988, the Board found the District committed an unfair labor practice when it refused to bargain over the impact of its decision to eliminate a maintenance foreman position. (Ill. Rev. Stat. 1987, ch. 48, pars. 1714(a)(5), (a)(1).) Additionally, the Board ruled the transfer of the maintenance foreman to a custodial position, rather than a maintenance technician position, was motivated by antiunion animus. (Ill. Rev. Stat. 1987, ch. 48, pars. 1714(a)(3), (a)(1).) The Board ordered reinstatement of the employee to a maintenance technician position, back pay, and impact bargaining. (*Jacksonville District No. 117*, 4 Pub. Employee Rep. (Ill.) par. 1075, case Nos. 85—CA—0025—S, 85—CA—0029—S (Illinois Educational Labor Relations Board, May 17, 1988).) The District filed a motion for reconsideration of the May 17, 1988, order which was denied on August 26, 1988. (*Jacksonville School District No. 117*, 4 Pub. Employee Rep. (Ill.) par. 1123, case Nos. 85—CA—0025—S, 85—CA—0029—S (Illinois Educational Labor Relations Board, Aug. 26, 1988).) Subsequently, the District filed a petition for review in this court. The petition for review was not filed within 35 days of the May 17, 1988, order but was filed within 35 days of the August 26, 1988, order. The District No. 117, Support Personnel, IEA-NEA (Association), moved to dismiss the petition for review as untimely. The motion was taken with the case and for the following reasons is granted.

In *Board of Education of Mundelein Elementary School District No. 75 v. Illinois Educational Labor Relations Board* (1989), 179 Ill. App. 3d 696, 534 N.E.2d 1022, this court held the Board did not have authority to reconsider its decisions. The Board of Education in *Mundelein* appealed a revised order issued by the Board after it had reconsidered its original order. The Board of Education argued the Board did not have authority by statute or rule to reconsider its decisions. The Board argued its past practice created *de facto* authority to review the decision. This court rejected the argument, noting the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 1701 *et seq.*) does not expressly grant the Board the authority

to reconsider its orders nor does it provide guidelines. We did not decide whether the Board could enact rules for reconsideration pursuant to section 5(h) of the Act, since the Board had conceded it had not adopted such rules. This court vacated the order issued upon reconsideration as it found it was void. No appeal was taken.

Section 3—102 of the Code of Civil Procedure (Code) provides:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." Ill. Rev. Stat. 1987, ch. 110, par. 3—102.

The *Mundelein* case was decided after the petition for rehearing was filed in the instant case. In denying the rehearing in this case, the Board expressed no opinion on whether the District's petition for rehearing tolled the time period for filing a petition for administrative review in this court. (*Jacksonville School District No. 117*, 4 Pub. Employee Rep. (Ill.) par. 1123, case Nos. 85—CA—0025—S, 85—CA—0029—S (Ill. Educational Labor Relations Board, Aug. 26, 1988).) The Association and Board argue the decision in *Mundelein* will control the determination of the timeliness of the petition for review. The District in its objections to the motion to dismiss argues section 3—104 of the Code and article VI, section 6, of the Illinois Constitution confer jurisdiction on the court. (Ill. Rev. Stat. 1987, ch. 110, par. 3—104; Ill. Const. 1970, art. VI, §6.) The District contends the motion to dismiss is not timely since sections 3—101 and 3—102 of the Code establish limitation periods only. (Ill. Rev. Stat. 1987, ch. 110, pars. 3—101, 3—102.) Since the Association did not object to the filing of the petition below, the District contends it waived its objections to the timeliness of the petition.

Section 3—103 provides every action shall be commenced by the filing of a complaint and issuance of a summons within 35 days from the date the decision was served upon the affected party. (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) Section 3—104 of the Code provides:

"Jurisdiction to review final administrative decisions is vested in the Circuit Courts, except as to a final order of the Illinois Educational Labor Relations Board in which case jurisdiction to review a final order is vested in the Appellate Court of a judicial district in which the Board maintains an office." Ill. Rev. Stat. 1987, ch. 110, par. 3—104.

In *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893, the court held that the 35-day time stated in the Administrative Review Act (Ill. Rev. Stat. 1981, ch.

110, par. 267 (now section 3—103 of the Code)) was a jurisdictional limitation and could not be waived. The court held that the Administrative Review Act conferred special statutory jurisdiction on the circuit court; thus, the jurisdiction was limited by the language of the Act conferring it. See also *Board of Education of North Boone Community School District No. 200 v. Regional Board of School Trustees* (1987), 156 Ill. App. 3d 504, 509 N.E.2d 132 (where the court held the 35-day period was jurisdictional); see generally *Board of Education of Plainfield Community Consolidated School District No. 202 v. Illinois Educational Labor Relations Board* (1986), 143 Ill. App. 3d 898, 493 N.E.2d 1130; *Board of Education of St. Charles Community Unit School District, No. 303 v. Adelman* (1985), 137 Ill. App. 3d 965, 485 N.E.2d 584.

 Under the analysis of *Fredman Brothers*, the District's argument that the 35-day time period set forth in section 3—103 of the Code is a statute of limitations is not well founded. While *Fredman Brothers* addressed the circuit court's exercise of special jurisdiction, the same factors apply to the appellate court's exercise of special jurisdiction. A lack of subject-matter jurisdiction may be raised for the first time on appeal (*Burns v. Edgar* (1989), 178 Ill. App. 3d 708, 533 N.E.2d 570) even if raised on the appellate court's own motion (*Plainfield*, 143 Ill. App. 3d 898, 493 N.E.2d 1130). Since the Board did not have the statutory authority to reconsider its orders, the time limit set forth in the Code for review would start upon service of the final order. (*Mundelein*, 179 Ill. App. 3d 696, 534 N.E.2d 1022; *Plainfield*, 143 Ill. App. 3d 898, 493 N.E.2d 1130.) No stay would be effective to toll the running of the 35 days. Therefore, the petition for review here, which was filed some 100 days after the service of the order, is untimely.

 The District raises two "reliance" arguments. First, the District contends the Board considered its decision in the instant case as nonfinal. Since the *Mundelein* board's decision was considered a final order, *Mundelein* need not apply to the instant case. In the letter attached to the District's brief, the Executive Director of the Board states the District's assessment that the Board considers its orders nonfinal while a motion for reconsideration is pending is correct. We note that the letter upon which the District bases the first part of its reliance argument is not a part of the record on appeal. We, therefore, need not consider this argument. Second, the District argues it relied on the past practice of the Board, so any change in that practice should be prospective only.

 Parties have a right to rely on decisions of the supreme

court. Reliance on administrative interpretation is entitled to weight in determining whether a decision should be given retroactive or prospective application but it is not controlling. Lower court decisions as well as agency decisions are subject to modification by the supreme court. The agency's interpretation of statutes which it enforces is persuasive but not binding on the court. However, an agency is bound by an uncontested judicial interpretation of a statute. *Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 519 N.E.2d 1203.

██ In the instant case, although the result seems harsh, the District did not have the right to rely on the Executive Director's interpretation of the Board's authority to reconsider its decisions. It should be noted that the Board, in the order denying reconsideration, noted that its authority to reconsider was under review. It, therefore, offered no opinion on the tolling of the 35-day period. Additionally, we note the communication between the District and the Board was an *ex parte* one.

 The District also argues *Mundelein* should be applied prospectively only. The criteria for determining prospective or retrospective application of a decision are: (1) the decision to be applied prospectively must establish a new principle of law; (2) the purpose of the new decision is best served by prospective application; and (3) the equities of the cause. (*Larrance,* 166 Ill. App. 3d 224, 519 N.E.2d 1203; *Revoal v. Illinois Human Rights Comm'n* (1984), 128 Ill. App. 3d 70, 470 N.E.2d 54.) Generally, decisions are applied retrospectively unless the court: (1) expressly states its decision is a clear break with its past decisions; (2) overrules its own past practice; (3) disapproves a prior practice it has previously approved; or (4) overturns a well-established body of lower court precedent. (*Larrance,* 166 Ill. App. 3d 224, 519 N.E.2d 1203.) Here, *Mundelein* was the first appellate court to address the Board's authority to reconsider its orders. Therefore, the first three factors weigh in favor of retrospective application. The Board had been allowing reconsiderations. This could be considered "lower court precedent" in an agency setting. However, the agency had been acting in excess of its statutory authority. In light of the above considerations, we will not apply *Mundelein* prospectively.

For the above reasons, we dismiss the petition for review.

Dismissed.

LUND and GREEN, JJ., concur.