CHARLESTON COMMUNITY UNIT SCHOOL DISTRICT NO. 1, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—89—0884

Opinion filed September 25, 1990.

Brian A. Braun, S. Jeff Funk, and Megan Paisley, all of Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Gregory J. Malovance and Steven E. Mitchel, both of Winston & Strawn, of Chicago, for respondent Charleston Education Association.

JUSTICE GREEN delivered the opinion of the court:

■ At all times pertinent here, section 14(a)(8) of the Illinois Educational Labor Relations Act (Act) has made the refusal of an educational employer "to comply with the provisions of a binding arbitration award" an unfair labor practice (Ill. Rev. Stat. 1989, ch. 48, par. 1714(a)(8)). At all such times, section 15 of the Act has provided "[n]o order [by the Illinois Educational Labor Relations Board (IELRB)] shall be issued upon an unfair practice occurring more than 6 months before the filing of the charge alleging the unfair labor practice." (Ill. Rev. Stat. 1989, ch. 48, par. 1715.) This case raises the question of what, if any, circumstances permit the filing of unfair labor practice charges with the IELRB more than six months after the commission of an unfair labor practice.

Near the conclusion of the 1983-84 school year, Charleston Community Unit School District No. 1 (District) refused to rehire Jeffrey Earle Compton, a certified first-year teacher whose bargaining representative was Charleston Education Association, IEA/NEA (hereinafter CEA). Compton instituted a grievance, which resulted in an arbitration award issued September 22, 1984, finding the District had violated the terms of the collective-bargaining agreement it had with CEA by failing to follow procedures set forth in that agreement. The District was ordered to reinstate Compton for a second probational year and to reimburse him for back pay. Under circumstances we later explain, the District never complied with that award, and CEA and Compton did not file a charge with IELRB alleging an unfair labor practice against the District until November 14, 1987, more than three years after the award.

On October 18, 1989, the IELRB issued an opinion and order finding the District had violated section 14(a)(8) of the Act by refusing to comply with the arbitration award. (*Charleston Community Unit School District 1*, 5 Pub. Employee Rep. (Ill.) par. 1140, No. 88—CA—0015—S (Illinois Educational Labor Relations Board, Oct. 18, 1989).) The order also found the District guilty of violation of section 14(a)(1) of the Act, which prohibits an educational employer from "[i]nterfering, restraining or coercing employees in the exercise of the rights guaranteed under [the] Act" (Ill. Rev. Stat. 1989, ch. 48, par. 1714(a)(1)). This violation derived from the refusal to comply with the arbitration award. The District has taken judicial review to this court. Ill. Rev. Stat. 1989, ch. 48, par. 1716(a).

In addition to contending the unfair labor practice charge was untimely, the District also maintains the arbitration award was beyond the power of the arbitrator. We need not examine the latter issue, because we agree with the District that the charge was untimely. Both CEA and the IELRB, in its opinion, agree the charge was not filed within six

months of the refusal to obey the arbitrator's award, but contend the extenuating circumstances involved created an equitable tolling of the six-month period. Much of the dispute over whether the filing period was or should be tolled centers upon the question of whether the requirement for filing within six months is a precondition of the IELRB jurisdiction or merely a limitation period for the filing of an action. If the requirement is jurisdictional, tolling seldom occurs. If the six-month requirement is merely a statute of limitations, tolling may occur when equity so requires.

Before analyzing the applicable law, further explanation of the circumstances upon which the IELRB and CEA rely as grounds for equitable tolling is desirable. Shortly after issuance of the arbitrator's award, on October 22, 1984, the District filed suit in the circuit court of Coles County seeking to set the award aside. On September 10, 1985, the circuit court granted summary judgment to the District. Then, on October 7, 1985, CEA and Compton moved to reconsider the summary judgment, maintaining for the first time that the IELRB, and not the circuit court, had jurisdiction to review the arbitrator's award. As we later explain, this date is significant. Reconsideration was denied, and appeal was taken to this court. In a split decision, this court agreed with CEA and Compton and reversed. In a comprehensive opinion, this court set forth the doctrine that the studied scheme of the Act intended labor disputes, including those concerning arbitration awards, to be decided by the IELRB through the unfair labor practice procedure. (*Board of Education of Community School District No. 1 v. Compton* (1987), 157 Ill. App. 3d 439, 510 N.E.2d 508.) The opinion was issued on June 25, 1987. The supreme court affirmed. *Board of Education of Community School District No. 1 v. Compton* (1988), 123 Ill. 2d 216, 526 N.E.2d 149.

The unfair labor charge giving rise to the order on judicial review was filed with the IELRB on November 14, 1987. This was well within a six-month period measured from issuance of the opinion of this court in *Compton* on June 25, 1987, but nearly three years after the District refused to abide by the arbitration award in the fall of 1984. Both the IELRB and CEA correctly point out that before the decision of this court in *Compton*, no direct precedent existed prohibiting testing the validity of the awards of labor arbitration by the limited circuit court review recognized under the common law. The *Compton* decision was based upon the philosophy and overall scheme of the Act rather than any fully expressed procedure set forth in the Act. Thus, CEA maintains it had no assurance that a charge of unfair labor practice would have been recognized while the judicial challenge to the award pended. However, consistent with the position CEA took in the circuit court pro-

ceeding, CEA could have attempted to proceed before the IELRB while the court proceeding was pending.

■ Illinois precedent indicates that time limitations upon bringing actions before administrative agencies are matters of jurisdiction which cannot be tolled. In *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893, the court held that the 35-day filing provision of section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—103) was a jurisdictional requirement which could not be waived. The court distinguished this provision from a statute of limitations on the basis that if the right being asserted is one unknown to the common law, the time limitation is an inherent element of the right and of the power of the tribunal to hear the matter. On the other hand, the court concluded that if the right upon which the request for relief is based is a common law right, the time limitation is merely a procedural matter not affecting the jurisdiction of the tribunal and is subject to waiver. *Fredman*, 109 Ill. 2d at 209-10, 486 N.E.2d at 895-96.

In *Board of Education of Jacksonville, School District No. 117 v. Illinois Educational Labor Relations Board* (1989), 183 Ill. App. 3d 972, 539 N.E.2d 882, this court applied the same rule as in *Fredman* to a failure to file for administrative review within the statutory 35-day period even though the school district seeking review had refrained from filing on the assumption a petition for reconsideration tolled the 35-day period. See also *People v. Ross* (1989), 191 Ill. App. 3d 1046, 548 N.E.2d 527.

■ Whatever common law powers courts had to enforce arbitration awards (see *Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 427 N.E.2d 1199) were clearly not as strong nor as comprehensive as the powers of the IELRB under the unfair labor practice procedure of section 15 of the Act. Thus, a right unknown to the common law is involved, and the time for exercising the right would condition the jurisdiction of IELRB to proceed. In *Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 519 N.E.2d 1203, *cert. denied* (1989), 489 U.S. 1054, 103 L. Ed. 2d 585, 109 S. Ct. 1316, and *Board of Governors v. Rothbardt* (1981), 98 Ill. App. 3d 423, 424 N.E.2d 742, this court has deemed statutory time limits for filing charges under acts creating administrative redress for discriminatory practices were jurisdictional and not subject to tolling. See *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266; *Burns v. Edgar* (1989), 178 Ill. App. 3d 708, 533 N.E.2d 570; *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 746.

■ In *Larrance*, we recognized the precedent of *Logan v. Zimmer-*

*man Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, which requires that when life, liberty, or property are involved, and an administrative agency is responsible for the failure of a claimant to timely file, due process requires that the administrative tribunal proceed to hear the matter. In *Phelps v. Human Rights Comm'n* (1989), 185 Ill. App. 3d 96, 540 N.E.2d 1147, this court held where a claim was required to be verified, an administrative agency had jurisdiction to proceed when an unverified claim was timely filed and the failure to verify appeared to result from confusing instructions given by the agency. Neither case is applicable here, where the administrative agency supported CEA's circuit court contention that the proper procedure was to proceed before the agency, claiming an unfair labor practice resulted from the District's refusal to abide by the arbitration award. Although CEA's waiting until the decision in this court in *Compton* before filing a charge with the IELRB may be understandable, the gross unfairness which would have arisen in *Logan* and *Phelps* if filing had not been permitted is not present here.

■ Both the IELRB and CEA stress the unusual context of the language of section 15 of the Act which prohibits the issuance of an order "upon an unfair practice occurring more than 6 months before the filing of the charge" (Ill. Rev. Stat. 1989, ch. 48, par. 1715). They note the language prohibits issuance of the order rather than the filing. They also distinguish that language from section 3—102 of the Administrative Review Law which states "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties *** shall be barred from obtaining judicial review" (Ill. Rev. Stat. 1989, ch. 110, par. 3—102). They claim the language of section 15 of the Act, being in different context than that of other time limitations, should be construed to have a different meaning, and that meaning should be that timely filing is not an inherent element of the right involved. However, interpreting the placing of the time limitation as a restriction against granting relief rather than filing, can, just as logically, be taken as a more emphatic indication of lack of jurisdiction. The jurisdiction of a tribunal is not exercised when a document is filed. It is exercised when the tribunal acts. We reject the contention the context of the language used is significant.

■ Of more significance are the decisions of the Federal circuit courts of appeals in regard to section 10(b) of the Labor Management Relations Act, 1947 (LMRA) which states "[t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge" (29 U.S.C. §160(b), at 1000 (1988)). They hold section 10(b) is merely a statute of limitations, subject

to tolling. (*Hospital & Service Employees Union, Local 399 v. NLRB* (9th Cir. 1986), 798 F.2d 1245; *NLRB v. Local 264, Laborers' International Union* (8th Cir. 1976), 529 F.2d 778.) Similarly, in *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127, the United States Supreme Court held that the 90-day time limit for charges for unlawful employment practices under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e–5(d) (1988)) should be treated as a statute of limitations and not as a jurisdictional requirement. In footnote 11, that Court indicated the LMRA was the model for that time-limitation period. *Zipes*, 455 U.S. at 395 n.11, 71 L. Ed. 2d at 244 n.11, 102 S. Ct. at 1133 n.11.

■■ ■ As CEA states, we have deemed decisions of the Federal courts interpreting provisions of the LMRA similar to those of the Act to have persuasive value. (*Hardin County Education Association v. Illinois Educational Labor Relations Board* (1988), 174 Ill. App. 3d 168, 528 N.E.2d 737.) However, these decisions are not subject to the strong Illinois precedent holding time limitations for bringing administrative actions involving new rights are jurisdictional. We are also aware that the IELRB has held the six-month limitation is merely a statute of limitations, and we also give deference to its expertise on labor relations (*Decatur Board of Education, District No. 61 v. Illinois Educational Labor Relations Board* (1989), 180 Ill. App. 3d 770, 536 N.E.2d 743), but a broad policy of a uniform approach to administrative procedure is involved here. It involves matters not necessarily related to employee-employer relations. As we have indicated, we do not find the wording of section 15 of the Act in regard to the six-month period for filing charges indicates a different legislative intent to differentiate the time limitation here from those in other legislation concerning proceedings for administrative action.

For the reasons stated, we hold the IELRB had no jurisdiction to proceed on the tardily filed unfair labor practice charge. Accordingly, we reverse the order finding the District guilty of an unfair labor practice.

Reversed.

STEIGMANN, J., concurs.

JUSTICE LUND, specially concurring:

I concur with the result of Justice Green's well-reasoned opinion, except I would not give deference to the expertise of the IELRB as to the issue of jurisdiction versus the statute of limitations. One of the purposes of the Act is to bring a timely end to disputes. The six-month

filing provision may well lead to early determination of disputes. We need not set forth the large number of cases relating to tolling of limitations. Needless to say, they represent long delays at the trial level and the appellate level. The delay caused by presenting the tolling issue to the IELRB and then to the appellate courts will result in the sore continuing to fester. There comes a time when teachers and school administrators must feel free of the possibility of litigation resulting from a past incident.