GEORGE GEZENDORF, Plaintiff-Appellee, v. JOHN WASHBURN, Director of the Department of Insurance, Defendant-Appellant.

Second District   No. 2—90—0101

Opinion filed January 18, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, John Washburn, former Director of the Illinois Department of Insurance, appeals from the January 19, 1990, order of the trial court reversing an administrative order. Washburn contends that (1) the trial court lacked jurisdiction to review the administrative findings; (2) the trial court erred in ordering the deposition of two potential witnesses and then considering this "new" evidence in reversing the administrative order; and (3) the trial court erred in determining that the administrative decision was against the manifest weight of the evidence. We reverse.

Plaintiff, George Gezendorf, was an insurance salesman employed by American Family Insurance Companies (American). American terminated Gezendorf's employment and, in reviewing his files, discovered certain improprieties. American forwarded documentation of these improprieties to the Illinois Department of Insurance (Department).

On August 13, 1985, Washburn, in his capacity as Director, entered an order revoking Gezendorf's insurance producer's license.

This order was mailed to Gezendorf by certified mail on August 14. The order informed Gezendorf that a request for a hearing on the matter must be made within 30 days from the mailing of the order or the decision would become final.

Gezendorf did not request a hearing within the 30-day period. Subsequently, Gezendorf filed a petition for injunctive relief in the circuit court of Du Page County. The petition requested that the Director be enjoined from revoking Gezendorf's license. Gezendorf alleged that he did not receive the notice mailed on August 14 until October 17. The circuit court granted Gezendorf's petition on November 8, 1985, and ordered that a hearing be conducted. Neither the petition nor the circuit court order is contained in the record.

An administrative hearing was held and concluded on October 18, 1986. On December 3, 1987, the hearing officer issued findings of fact and conclusions of law recommending that Washburn's August 13, 1985, order revoking Gezendorf's license be reinstated. Washburn adopted the hearing officer's findings and conclusions and issued an order reinstating the August 13, 1985, order. The revocation of Gezendorf's license was to become effective on December 28, 1987.

Gezendorf filed a complaint for administrative review on January 15, 1988. Pursuant to a motion by Gezendorf, the court ordered James Jones, an attorney for the Department, and Washburn to submit to depositions. A hearing on plaintiff's complaint was held, and on January 19, 1990, the court entered an order reversing the administrative order. Defendant timely appeals from this order.

Initially, we note that the plaintiff has failed to file a responsive brief. We will review the merits of this appeal pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The first issue raised by defendant is whether the trial court had jurisdiction to review the administrative findings. Defendant argues that plaintiff failed to exhaust his administrative remedies by not requesting a hearing within 30 days of the mailing of the notice of revocation.

■■ Section 505.1(b) of the Illinois Insurance Code (Code) provides:

> "Suspension or revocation of a license or the denial of an application pursuant to this Section shall be by written order sent to the licensee or applicant by certified or registered mail at the address specified in the records of the Department. The licensee or applicant may in writing request a hearing within 30 days from the date of mailing. If no written request is made,

such order shall be final upon the expiration of said 30 days."
(Ill. Rev. Stat. 1987, ch. 73, par. 1065.52—1(b)).)

It is undisputed that the Department sent a copy of the written order
to Gezendorf via certified mail on August 14, 1985. It is also undisputed that Gezendorf did not request a hearing within 30 days of the
mailing. In fact, Gezendorf *never* requested a hearing from the Department. Instead, Gezendorf went to the circuit court requesting
that the Department be enjoined from revoking his license.

■ At this point in the proceedings, the circuit court was without
jurisdiction to review or enjoin the Department's order as Gezendorf
had failed to exhaust his administrative remedies. (See *Steward v.
Allstate Insurance Co.* (1980), 92 Ill. App. 3d 637, 641.) Gezendorf did
not request a hearing as he was entitled to do under the Code, nor
did he comply with the requirements of the Administrative Review
Law by properly seeking judicial review. (Ill. Rev. Stat. 1987, ch. 110,
par. 3—102.) The fact that a hearing was subsequently conducted pursuant to court order does not confer jurisdiction for administrative review of the agency's decision. (See *Burns v. Edgar* (1989), 178 Ill.
App. 3d 708.) Gezendorf failed to proceed in accordance with section
3—102 of the Administrative Review Law (Act) (Ill. Rev. Stat. 1987,
ch. 110, par. 3—102), and, therefore, the circuit court had no jurisdiction for administrative review of the Department's decision to revoke
Gezendorf's license.

Even if the court did have jurisdiction, it erred by reversing the
Department's decision.

■ ■ Regarding administrative review by a circuit court, section
3—110 of the Act states:

"No new or additional evidence in support of or in opposition
to any finding, order, determination or decision of the administrative agency shall be heard by the court." (Ill. Rev. Stat.
1987, ch. 110, par. 3—110.)

In the case at bar, it is obvious that the court acted in direct contravention of the statute when it allowed depositions that were not part of the
administrative proceeding to be taken, submitted and considered by the
circuit court. In *Burke v. Board of Review, Illinois Department of Labor* (1985), 132 Ill. App. 3d 1094, a similar situation existed. The court
stated that, rather than hearing or considering new evidence the trial
court deemed necessary upon review, the trial court should have remanded the matter to the administrative agency for a hearing to receive
this additional necessary evidence. (*Burke*, 132 Ill. App. 3d at 1098-99.)
We determine that the court erred by accepting and considering evidence that was not presented in the administrative proceeding.

▉ Defendant's final contention is that the manifest weight of the evidence supported the Department's decision to revoke Gezendorf's license. Therefore, the trial court erred in reversing the Department's decision. It is well settled that an agency's findings concerning factual questions are *prima facie* true and correct (Ill. Rev. Stat. 1987, ch. 110, par. 3—110) and should not be disturbed on review unless they are contrary to the manifest weight of the evidence. (*School District No. 175 v. Illinois Fair Employment Practices Comm'n* (1978), 57 Ill. App. 3d 979, 984.) The reviewing court is not to substitute its judgment for that of the agency. *Illinois Liquor Control Comm'n v. Illinois Civil Service Comm'n* (1980), 80 Ill. App. 3d 647, 654.

▉ Section 505.1 of the Code provides:

"(a) Any license issued under this Article may be suspended or revoked, and any application for a license may be denied, if the Director finds that the licensee or applicant

\* \* \*

(4) has misappropriated or converted to his own use, or improperly withheld, money required to be held in a fiduciary capacity;

\*\*\*

(6) has, in the transaction of business under his license, used fraudulent, coercive or dishonest practices, or has demonstrated incompetence, untrustworthiness or financial irresponsibility."
(Ill. Rev. Stat. 1989, ch. 73, pars. 1065.52—1(a)(4), (a)(6).)

In the case at bar, substantial testimonial as well as documentary evidence was presented to show that plaintiff "misappropriated" or "improperly withheld" money that belonged to his customers. In fact, plaintiff even admitted that he overcharged customers on two occasions. The evidence presented during the administrative proceedings supported the decision of the Department and was not against the manifest weight of the evidence.

▉ In announcing its decision, the trial court stated:

"I think the decision is against the manifest weight of the evidence.

Now, I say that hopefully with the ability to have ignored the procedural due process errors that were committed. I say that not weighing the credibility of the witnesses, but the reliability of the evidence itself and the source of that evidence itself—

\*\*\*

in its totality. In its totality. Not the source, but the evidence itself. In the totality of it."

It is well established that a court may not, upon administrative review,

conduct a hearing *de novo*. (*Pipe Trades, Inc. v. Rauch* (1954), 2 Ill. 2d 278, 291.) The court's role is to determine whether the administrative decision is just and reasonable in light of the evidence presented. (*Murbach v. Anderson* (1981), 96 Ill. App. 3d 1015, 1018.) We determine that the trial court erred by reversing the decision of the Department. Therefore, the Department's decision revoking plaintiff's license is reinstated.

The judgment of the circuit court of Du Page County is reversed.

REINHARD and GEIGER, JJ., concur.