967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Federico ESTRADA-ESCALANTE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15521.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided June 30, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federico Estrada-Escalante appeals the district court's dismissal of his action under the Federal Tort Claims Act for failure properly to serve the United States under Fed.R.Civ.P. 4(d)(4). The complaint was filed February 9, 1990. Both the United States and Scott R. Eshelman, a government employee whom the complaint alleged was acting within the scope of his employment, were named as defendants. Eshelman was personally served, as was the United States Attorney, but no service was effected on the Attorney General within the 120-day period allowed by Rule 4(j).
 
 
 3
 On March 22, 1990, the United States Attorney for the District of Arizona filed a notice on behalf of Eshelman, accompanied by a certification, that Eshelman was acting within the scope of his employment and was therefore entitled to be dismissed. 28 U.S.C. § 2679(d)(1). The notice further acknowledged that "the United States of America should remain as the appropriate defendant to defend against the allegations made by the plaintiff in the complaint herein." Based on this notice, the district court dismissed Eshelman with prejudice.
 
 
 4
 An answer was filed by the United States on April 13, raising insufficiency of process as an affirmative defense. Discovery ensued, and the district court in the ordinary course set a cutoff date for motions on December 1, 1990. When the AUSA advised Estrada's counsel of the government's intention to move to dismiss, Estrada moved to enlarge the time for service. The United States then filed a motion to dismiss pursuant to Rule 4(j). The district court denied Estrada's motion on the ground that no good cause was shown, and granted the government's motion to dismiss.
 
 
 5
 Estrada claims that the district court should have found that the government waived or is estopped from raising insufficiency of service, abused its discretion by refusing to enlarge the time for serving the Attorney General, and should not have required service on the Attorney General because the certification substituted the United States as a party defendant and eliminated the insufficiency issue. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 6
 * Estrada argues that the government waived its objection to defective service by failing to raise it when it filed the March 22, 1990 "Notice of Individual Federal Defendants Acting Within the Scope of Their Employment and Request for Dismissal." He reasons that this notice was a preanswer motion by the United States Attorney, and that under Rules 12(g) and 12(h)(1), all other defenses that were omitted are waived.
 
 
 7
 The difficulty with this argument, however, is that the United States Attorney's office filed the March 22 notice on behalf of Scott Eshelman, not on behalf of the United States. The notice is not in any event a Rule 12 motion to dismiss; it is an assertion of Eshelman's right under the Liability Reform Act to be dismissed upon certification that he was acting within the scope of his employment. 28 U.S.C. § 2679. Because the remedy against the United States provided by §§ 1346(b) and 2672 for injury arising out of negligence by a government employee while acting within the scope of his employment is exclusive of any other action against the employee, the district court lacked subject matter jurisdiction to proceed against him individually. 28 U.S.C. § 2679(b)(1).
 
 II
 
 8
 Estrada argues that the district court erred in finding no "good cause" under Rule 4(j) for failure to meet the 120-day time limit, and in turn, that it should have extended his time for effecting service on the Attorney General. Rule 4(j) provides that a party's action will be dismissed for failure to meet the time limit if the party "cannot show good cause why such service was not made within that period." Dismissal is mandatory if there is no finding of good cause. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985). We review dismissal of a complaint pursuant to Rule 4(j) for an abuse of discretion, id. at 371, and find none here.
 
 
 9
 Estrada proffered no excuse for not serving the Attorney General other than his belief that the government should have affirmatively told him to do so. Attorney inadvertence does not constitute "good cause." Id. at 372. Also, the government asserted ineffective service of process in its answer, thus giving Estrada some notice that service may be defective.
 
 
 10
 Estrada argues that the phrasing of the March 22 notice, which asserted that "the United States of America should remain as the appropriate defendant to defend against the allegations made by the plaintiff," misled him into believing the United States had properly been brought before the court. Apart from the absence of competent evidence to this effect, nothing in this acknowledgment speaks in any way to service of process. It merely says that the United States, which was already a party, would "remain" as the appropriate defendant.
 
 
 11
 On this record we cannot say the district court abused its discretion in declining to excuse compliance with Rule 4(d)(4). See Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984) (adopting four-part test to determine whether failure to comply with Rule 4(d)(5)'s personal service requirement should result in dismissal, and including as one requirement "justifiable excuse" for failure to serve properly); United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 711 (9th Cir.1985) (after 120-day period for service of process has expired, district court may grant extension of time for service only if good cause requirement of Rule 4(j) is met). Accordingly, the district court did not err in declining to grant Estrada an extension of time for service.
 
 III
 
 12
 Estrada urges that the government must be estopped from raising insufficiency of service because of its extensive participation in the litigation. He analogizes pretrial activities such as discovery to a "general appearance" that subjects a party to personal jurisdiction. Neither of the cases upon which Estrada relies, Benny v. Pipes, 799 F.2d 489, 493-94 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987), and Hospital & Service Employees Union v. NLRB, 798 F.2d 1245, 1249 (9th Cir.1986), however, suggests that a party's participation in litigation abrogates the requirements of Rule 4(j) absent a showing of good cause.
 
 
 13
 The district court found that the government's delay in challenging defective service "does not appear to have been done in this case for any improper purpose or with bad motive." Cf. United States v. Harvey, 661 F.2d 767, 773-74 (9th Cir.1981) (a party must show affirmative misconduct to estop government), cert. denied, 459 U.S. 833 (1982). Nothing in the record suggests that this determination is clearly erroneous. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 IV
 
 14
 Estrada argues that the court's order of March 26, dismissing Eshelman, substituted the United States as a party for its agent, Eshelman, pursuant to 28 U.S.C. § 2679(d)(1), thereby eliminating the issue of insufficient service. The district court held that service on Eshelman, as an officer of the United States, had to be made under Fed.R.Civ.P. 4(d)(5). This rule requires that service also be made on the United States. Service on the United States, as we discussed, must be made under Fed.R.Civ.P. 4(d)(4), which requires service on the Attorney General. The district court held that service on Eshelman was never properly made. Estrada does not contest this ruling on appeal. Thus, with Eshelman never having been properly served, there was no properly served party before the court for whom the United States could be substituted.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3