LORI ANN THOMPSON, a Minor, by Barbara A. Thompson, her Mother and Next Friend, Plaintiff-Appellant, v. FRANCISCAN SISTERS HEALTH CARE CORPORATION, d/b/a St. Joseph's Medical Center, *et al.*, Defendants-Appellees.

Third District   No. 3—90—0880

Opinion filed August 28, 1991.

John B. Petrulis, of Frankfort, for appellant.

Cory D. Lund and Bruce L. Carmen, both of Hinshaw & Culbertson, of Chicago, for appellee Franciscan Sisters Health Care Corporation.

Pamela Davis and Robert J. Baron, both of Rooks, Pitts & Poust, of Joliet, for other appellees.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Lori Ann Thompson, a minor, by Barbara A. Thompson, her mother and next friend, appeals from the dismissal of her medical malpractice complaint by the circuit court. The defendants are Franciscan Sisters Health Care Corporation, doing business as St. Joseph's Medical Center, and physicians T. Christiansen and John J. McLaughlin, as individuals and doing business as Joliet Medical Group, Ltd. The circuit court dismissed the complaint for failure to comply with the statute of limitations for medical malpractice cases, section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—212). We affirm.

On December 31, 1976, plaintiff was born. Complications arose during her birth, and defendants allegedly did not respond to those complications in a timely and proper manner. Plaintiff alleges that due to defendants' negligence she has been permanently and severely damaged. On July 26, 1990, plaintiff filed the present lawsuit. On November 14, 1990, after a hearing on defendants' motions to dismiss, the circuit court dismissed plaintiff's complaint with prejudice for failure to comply with section 13—212 of the Code of

Civil Procedure. On December 13, 1990, plaintiff filed a notice of appeal.

The issues raised on appeal by the plaintiff are:

(1) whether section 13—212(b) unconstitutionally deprives minor victims of medical malpractice of access to court and recovery for damages, in violation of the due process clauses of the Federal and State constitutions;

(2) whether section 13—212(b) deprives minor victims of medical malpractice of equal protection of the laws as guaranteed by the Federal and State constitutions;

(3) whether section 13—212(b) unconstitutionally restricts free and open access to court for the vindication of the rights of minor victims of medical malpractice, in violation of the first amendment to the Federal Constitution and article I, section 12, of the State Constitution; and

(4) whether section 13—212(b) violates the bar against special legislation contained in the State Constitution.

██ Section 13—212(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(b)) states as follows:

"(b) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. *If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987.*" (Emphasis added.)

Application of the terms of this statutory provision to the facts of this case indicates that plaintiff had until July 20, 1990, by which to timely file her lawsuit. Since the lawsuit was filed on July 26, 1990, under the terms of this provision it was filed too late. On appeal the plaintiff has not contended that a statutory limitation provision other than section 13—212(b) governs this case, nor has she con-

tended that the circuit court in applying this provision to the facts of this case has arrived at an erroneous conclusion. Therefore, we will simply address the constitutional issues the plaintiff has raised as to section 13—212(b).

We note that various challenges to the constitutionality of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), a precursor of section 13—212 of the Code of Civil Procedure, were considered by the Illinois Supreme Court in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560. While *Anderson* involved cases with plaintiffs who were adults at the time the alleged medical malpractice took place, its reasoning can be used in the present case.

We consider first whether application of section 13—212(b) violates plaintiff's due process rights. Plaintiff essentially argues that it is fundamentally unfair that a minor's cause of action should ever be barred by the statute of limitations during minority, and that, therefore, the statute of limitations cannot be so applied without violating the due process clauses of the Federal and State constitutions. Plaintiff has cited no case that has used such broad reasoning to find that application of the statute of limitations had violated one of the due process clauses.

After discussing the so-called medical malpractice insurance crisis of the early 1970's and legislative responses to it, the court in *Anderson* stated:

> "Although such a result—a cause of action barred before its discovery—seems harsh and unfair, the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish. We have noted above that various reports, commissions, and authors recommended that the 'long tail' exposure to malpractice claims brought about by the discovery rule be curtailed by placing an outer time limit within which a malpractice action must be commenced. *** It has not been demonstrated that the legislative action in establishing the 4-year outer limit within which to file a complaint for medical malpractice is unreasonable. We thus find no due process violation." *Anderson*, 79 Ill. 2d at 312, 402 N.E.2d at 568.

The prior law permitted filing suit 20 years (or sometimes longer) after alleged medical malpractice during childbirth, and it was not unreasonable for the legislature to cut down this "long tail" of liability so as to lend stability to the pricing of medical malpractice insurance for medical personnel involved in childbirths. The

reasoning of *Anderson* leads us to conclude that the legislature's reduction of the limitations period to eight years after the wrongful conduct (or three years after the effective date of the amendment) is not unreasonable and does not result in a due process violation.

No authority has been presented to us holding that one or both of the due process clauses require that the statute of limitations protect an injured minor from the failure of a parent or guardian to pursue the minor's interest in a timely fashion. The legislature, when faced with the need to set some reasonable time limits on medical malpractice claims, could reasonably assume that parents and guardians would look after the interests of the affected minors, and it was not a violation of the minors' due process rights for it to make this assumption.

■■ We next consider whether the application of section 13–212(b) to the plaintiff denies her equal protection of the laws. In *Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 412 N.E.2d 151, the Illinois Supreme Court stated certain principles relevant to determining whether a statute violates equal protection guarantees:

"The first test in assessing an equal protection claim is to determine if [the legislation] *** operates to the disadvantage of a suspect class or infringes upon a fundamental right. [Citation.] *** If a suspect classification or fundamental right is not found, the legislation simply must bear a rational relationship to a legitimate governmental interest. [Citation.]

\* \* \*

Under the traditional equal protection standards utilized by both the Federal and State courts, a legislative classification will be upheld if it bears a rational relationship to a legitimate legislative purpose. [Citations.] Thus, the inquiry shifts to an analysis of the legislative purpose and a subsequent determination whether the legislative classification is rationally related to that purpose. [Citation.]

\*\*\*

Under traditional concepts of equal protection, *i.e.*, when a rational-basis test is used, a legislative classification is presumed valid. [Citations.] The burden of rebutting the presumptive validity of the classification rests upon the party challenging its constitutionality. [Citation.] Finally, a statutory classification will not be declared unconstitutional 'if any state of facts reasonably may be conceived to justify it.' "
*Van Meter*, 82 Ill. 2d at 119-22, 412 N.E.2d at 152-54.

■ This case does not involve any suspect classifications or fundamental rights. Hence, the rational-basis test is the proper one to use in deciding whether the challenged statute violates equal protection guarantees. Plaintiff argues that classifying and treating minor victims of medical malpractice differently from minor victims of other forms of negligence violates her equal protection rights. However, as we have already observed, the legislature perceived a problem within the area of medical malpractice, and in addressing that problem chose to treat plaintiffs alleging medical malpractice (both adults and minors) differently from plaintiffs alleging other forms of negligence. As *Anderson* noted, the legislature's solution in the form of a shortened statute of limitations was not unreasonable in light of what it was trying to accomplish. We conclude that plaintiff has not established that section 13—212(b) violates her Federal or State equal protection rights.

■ Questions regarding the constitutionality of a statute cannot be raised for the first time on appeal. (*Brown v. Mason* (1985), 132 Ill. App. 3d 439, 442, 477 N.E.2d 61, 64.) The plaintiff did not raise in the circuit court constitutional questions regarding the first amendment of the Federal Constitution, nor did she raise there constitutional questions regarding provisions of the State Constitution pertaining to access to the courts and special legislation. Therefore, she will not be permitted to raise them for the first time on appeal.

For the reasons stated herein, the decision of the circuit court to dismiss the complaint for failure to comply with section 13—212 is affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.