PAUL A. FRANKLIN, Plaintiff-Appellant, v. RICHARD CERNOVICH, Defendant-Appellee.

Third District   No. 3—96—0499

Opinion filed April 15, 1997.

BRESLIN, J., specially concurring.

Paul O'Malley (argued), of Chicago, for appellant.

Jack L. Brooks (argued) and Jeffrey D. Bert, both of Anderson & Nelson, of Rock Island, for appellee.

JUSTICE SLATER delivered the opinion of the court:

In this case we must determine whether the two-year statute of limitations for bringing a medical malpractice action (735 ILCS

5/13—212(a) (West 1994)) applies when the plaintiff's cause of action accrued while he was a minor. We find that it does, but that the limitations period does not begin to run until the plaintiff reaches the age of 18.

## Facts

Plaintiff Paul Franklin was injured in an automobile accident and was treated by the defendant, Dr. Richard Cernovich, from June 26, 1988, through July 15, 1988. Plaintiff was 16 years old at that time. On July 16, 1988, plaintiff went to St. Francis Hospital, where an X ray revealed that plaintiff had suffered an undiagnosed hip fracture. Plaintiff filed suit for medical malpractice on March 17, 1993, alleging, *inter alia*, that defendant was negligent in failing to timely diagnose the hip fracture. Defendant filed a motion for summary judgment on the basis that plaintiff failed to sue within two years of reaching the age of majority. The trial court granted the motion, ruling that plaintiff had two years to file suit from the time he discovered the injury on July 16, 1988. The court also ruled that the eight-year limitations period referred to in subsection (b) of section 13—212 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—212(b) (West 1994)) was a statute of repose rather than a statute of limitations and therefore it did not apply.

## Discussion

On appeal, plaintiff contends that the trial court erred in applying the two-year statute of limitations contained in subsection (a) of section 13—212 of the Code. Plaintiff maintains that subsection (b) is both a statute of limitations and a statute of repose, and it exclusively applies to causes of action which occur and accrue during minority.

■ Section 13—212 provides:

"Physician or hospital. (a) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician *** shall be brought more than 8 years after the date on which occurred that act or omission or occurrence alleged in such action to have been

the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. ***

(c) If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed." 735 ILCS 5/13—212 (West 1994).

## A. Construction and Application of Subsection (b) of Section 13—212

█ It is clear that subsection (b) of section 13—212 applies to plaintiff's cause of action inasmuch as he was 16 years old at the time his cause of action accrued. What is less clear is the effect of subsection (b) and whether and to what extent it is affected by subsection (a). Plaintiff contends that the effect of subsection (b) is to give a minor plaintiff eight years or until his twenty-second birthday to file suit, whichever occurs first. We agree. Plaintiff also maintains, however, that the period to file suit is not affected by plaintiff's knowledge of the existence of a cause of action. In other words, a 16-year-old plaintiff who knows his injury was caused by negligence on the day that it occurred, and a 16-year-old plaintiff who becomes aware of medical negligence on his twenty-first birthday, would each have one year to file suit. Such an interpretation makes sense only if subsection (b) is both a statute of repose *and* a statute of limitations. However, it is clear that subsection (b) of section 13—212 is a statute of repose, not a statute of limitations, because it extinguishes a cause of action regardless of whether plaintiff knew of it or not. See *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 490 N.E.2d 665 (1986) (repose period gives effect to different policy than that advanced by period of limitations as it is intended to terminate liability despite plaintiff's lack of knowledge of cause of action); *Highland v. Bracken*, 202 Ill. App. 3d 625, 560 N.E.2d 406 (1990) (statute of repose is essentially different from statute of limitations; limitations statute sets time limit that begins to run when cause of action has ripened, while repose statute extinguishes cause of action regardless of whether it has accrued); see also *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 588 N.E.2d 1111 (1992) (referring to subsection (b) of section 13—212 as containing an eight-year *repose* period). Therefore, the effect of subsection (b) is to establish an absolute limit for bringing suit of 8 years or until age 22 for minors injured by medical malpractice, regardless of the plaintiff's lack of knowledge of the cause of action.

## B. Construction and Application of Subsection (a) of Section 13—212

The remaining question is how the two-year statute of limitations contained in subsection (a) of section 13—212 affects minors injured by medical malpractice. The trial court ruled that a minor plaintiff has two years to file suit from the date on which he knew or should have known of the injury. Plaintiff maintains that subsection (a) has no effect, because subsection (b) applies exclusively to medical malpractice claims that accrue during minority. Such an argument ignores, however, the rule of statutory interpretation requiring a statute to be evaluated as a whole, with each section examined in relation to every other section. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 634 N.E.2d 712 (1994); *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 606 N.E.2d 1154 (1992).

■ Plaintiff relies on various rules of statutory construction to support his argument that subsection (b) of section 13—212 is the exclusive and controlling provision applicable to minors. However, "[t]he primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature." *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992). Traditional rules of statutory construction are merely aids to determining legislative intent, and those rules must yield to such intent. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 610 N.E.2d 1250 (1993). Where, as in this case, the statutory language is ambiguous, it is appropriate to examine the legislative history. *Baker*, 154 Ill. 2d 193, 607 N.E.2d 1251; see *Antunes*, 146 Ill. 2d 477, 588 N.E.2d 1111 (examining legislative history of subsection (b) of section 13—212). It is proper to consider the reasons for enactment, the circumstances leading to adoption and the ends to be achieved. *In re Marriage of Logston*, 103 Ill. 2d 266, 469 N.E.2d 167 (1984). In addition, where a statute has been amended, a court will note the statutory language before the change and the defect to be corrected before weighing the entire statute in light of these considerations. *Marriage of Logston*, 103 Ill. 2d 266, 469 N.E.2d 167.

Subsection (b) of section 13—212 was enacted in 1987 as an amendment to section 13—212. Prior to amendment, that section provided:

> "Physician or hospital. No action for damages for injury or death against any physician *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which dam-

ages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act.

*If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years,* or under legal disability or imprisoned on criminal charges, *the period of limitations does not begin to run until the disability is removed."* (Emphasis added). Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

Because of the statutory language emphasized above, both the two-year statute of limitations and the four-year period of repose were tolled until a minor reached the age of 18 years. This resulted in a potential "long tail" of liability of up to 22 years after the injury occurred. See *Antunes,* 146 Ill. 2d 477, 588 N.E.2d 1111 (discussing the legislative history of subsection (b), particularly the statement of Senator Marovitz (85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 196)). To reduce this period of potential liability, the legislature enacted subsection (b) of section 13—212, providing for an eight-year repose period for minors. *Antunes,* 146 Ill. 2d 477, 588 N.E.2d 1111. The primary issue in this case is whether the legislature also intended that the two-year statute of limitations should apply to a minor who knew or should have known of his injury. We do not believe such a change was intended.

As indicated above, prior to the 1987 amendment, medical malpractice claims by minors were subject to neither the two-year limitations period nor the four-year period of repose. Surely, if the legislature had intended to impose a two-year statute of limitations where none had previously existed, such a radical change in the law would have been reflected in the legislative history of the amendment. However, we have failed to find any indication that a two-year limitations period was contemplated. Instead, we repeatedly find reference to an "eight-year [s]tatute of [l]imitations." 85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 197; May 14, 1987, at 74 (statements of Senator Marovitz); see also 85th Ill. Gen. Assem., House Proceedings, May 20, 1987, at 322 (statement of Representative O'Connell, referring to the compromise whereby the "statute of limitations" was "reduced from 22 years to 8 years"). In addition, Senator Marovitz explained that it was his understanding that over 90% of medical malpractice cases involving minors were filed within seven years. Thus the eight-year period would promote certainty and would aid in determining insurance rates and the length of time a potential defendant was subject to liability, while "not unreasonably

limiting a plaintiff's ability to bring a lawsuit." 85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 197 (statement of Senator Marovitz). We believe that the complete absence of any reference to the two-year statute of limitations, along with clear indications that an eight-year period was intended, establishes that the general two-year statute of limitations of subsection (a) does not apply to medical malpractice claims by minors.

Defendant maintains, however, that even if the two-year statute of limitations does not apply to a minor's cause of action, the two-year period begins to run once the minor reaches age 18. We agree. The clear intent of the legislature in enacting subsection (b) of section 13—212 was to reduce the period of potential liability and restrict a plaintiff's ability to sue. See *Antunes*, 146 Ill. 2d at 492, 588 N.E.2d at 1118 (legislative history of subsection (b) indicates a legislative intent to restrict the period for bringing suit, in accord with the legislative purpose of shortening the "long tail" of medical malpractice liability). Prior to 1987, section 13—212 provided that the two-year statute of limitations and four-year period of repose did not begin to run for a person under 18 until his "disability" was removed by reaching age 18. Ill. Rev. Stat. 1985, ch. 110, par. 13—212. Thus, a person who was aware of his cause of action had until age 20 to file suit. If the person was not aware of the existence of the cause of action, he had until age 22 to file, at which point the four-year statute of repose would extinguish any liability.

The amended section 13—212 mimics the earlier version by setting the outside limit for bringing suit at age 22. This is consistent with the legislative intent to reduce liability while not "unreasonably limiting" a plaintiff's ability to sue. However, if the 1987 amendment to section 13—212 is interpreted as *not* imposing a two-year statute of limitations upon an 18-year-old plaintiff who is aware of his cause of action, the period during which suit may be brought would be *greater* than that available before amendment. Such a result would *expand* potential liability beyond what existed previously and would clearly be contrary to the legislative goal of limiting liability. We find, therefore, that the two-year statute of limitations contained in subsection (a) of section 13—212 began to run on plaintiff's eighteenth birthday, March 17, 1990, and expired on March 17, 1992. Since plaintiff did not file suit until March 17, 1993, the trial court properly granted defendant's motion for summary judgment.

## C. Due Process and Equal Protection

Plaintiff also contends that the trial court's decision denies his right to due process and deprives him of the equal protection of the

law. However, plaintiff's arguments essentially revolve around the application of the two-year statute of limitations to a minor's cause of action. Since we have held that the two-year limitations period is not applicable until age 18, plaintiff's assertions are largely irrelevant. *Cf. Thompson v. Franciscan Sisters Health Care Corp.*, 218 Ill. App. 3d 406, 578 N.E.2d 289 (1991) (holding that subsection (b) of section 13—212 did not violate due process or deny equal protection to minors).

## D. Prospective v. Retrospective Application

Finally, citing *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 622 N.E.2d 788 (1993), plaintiff asserts that affirming the trial court would "constitute judicial creation of new law" which should only be applied prospectively. We disagree.

In *Gilbert* the supreme court reconciled an inconsistency between two of its prior decisions and a more recent case by overruling the older cases. The court applied its decision prospectively, noting that "[a] new rule or decision will be given prospective operation whenever injustice or hardship, *due to justifiable reliance on the overruled decisions*, would thereby be averted." (Emphasis added.) *Gilbert*, 156 Ill. 2d at 529, 622 N.E.2d at 797. Unlike *Gilbert*, the decision in this case does not overrule any prior decisions. Instead, we have merely interpreted the language in the statute in accordance with the legislature's intent. Judicial interpretation of a statute does not necessarily constitute a change in the law, and the general rule is that a decision will be applied retrospectively unless it is a clear break with the past. *Larrance v. Illinois Human Rights Comm'n*, 166 Ill. App. 3d 224, 519 N.E.2d 1203 (1988). We see no reason in this case to depart from the general rule.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

McCUSKEY, J., concurs.

JUSTICE BRESLIN, specially concurring:
I agree with the majority's decision that the plaintiff was barred from bringing the present action. However, I do not agree with the holding that the limitations period does not begin to run until the plaintiff reaches the age of 18.

In my view, section 13—212 establishes a two-year statute of limitations for all persons. Additionally, subsection (a) gives a four-year

repose period to adults, and subsection (b) gives an eight-year repose period to minors that may not extend beyond the individual's twenty-second birthday. Last but not least, subsection (c) tolls the running of the limitations period for all persons "under a legal disability other than being under the age of 18." 735 ILCS 5/13—212(c) (West 1994).

Had the legislature intended to toll the limitations period for minors, it would have included minors in the tolling provision in subsection (c). Instead, it specifically excepted them. In my opinion, this express exclusion of minors in subsection (c) evidences a clear intent to subject minors to the two-year limitations period provided in subsection (a).