FIRST DIVISION

APRIL 20, 1998

No. 1-96-0270

GEORGE PARTIN, ) Appeal from the

 ) Circuit Court

Plaintiff-Appellant, ) of Cook County.

 )

v. )

 )

ST. FRANCIS HOSPITAL, IMRE G. )

HIDVEGI, JOHN SCHUETZ, and )

M. MADRIL, ) Honorable

 ) JULIA M. NOWICKI,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, George Partin, Jr., appeals from an order dismissing his medical malpractice complaint against defendants St. Francis Hospital, Imre G. Hidvegi, M.D., John Schuetz, M.D. and M. Madrid, R.N.  The trial court dismissed plaintiff’s complaint because it was not filed within the time required by section 13-212(b) of the Code of Civil Procedure.  735 ILCS 5/13-212(b)(West 1992).  The sole issue presented for review is whether section 13-212(b) is constitutional.

Plaintiff was born with severe brain and central nervous system damage at St. Francis Hospital on July 22, 1975.  Nineteen years later, on December 23, 1994, plaintiff filed a medical malpractice complaint against defendants alleging certain acts of negligence.

Defendants filed motions to dismiss pursuant to the statute of repose found in section 13-212(b) of the Code of Civil Procedure.  735 ILCS 5/13-212(b)(West 1992).  Defendants argued that the complaint was untimely because it was filed more than eight years after the date the act or omission on which the cause of action is based is alleged to have occurred and after the legislative grace period of three years, which expired on July 20, 1990.  Plaintiff opposed the motion to dismiss contending that section 13-212(b) is unconstitutional because it violates the due process and equal protection requirements of the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const. amend. XIV; Ill. Const. 1970, art. I, §2), it denies minor plaintiffs injured by health care providers equal access to the courts in violation of article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, §12) and the first amendment to the United States Constitution, and it violates article IV, section 13, of the Illinois Constitution (U.S. Const. amend. I; Ill. Const. 1970, art. I, §13) barring special legislation.  The trial court applied a rational basis test and found section 13-212(b) constitutional.  Accordingly, the trial court dismissed plaintiff’s complaint with prejudice.  

The issues raised by plaintiff on appeal are: (1) whether section 13-212(b) violates the right to due process under the federal and state constitutions; (2) whether section 13-212(b) violates the right to equal protection; (3) whether section 13-212(b) is unconstitutional because it denies certain minor plaintiffs access to the courts; and (4) whether section 13-212(b) is unconstitutional because it constitutes special legislation.

We initially note that the Illinois Supreme Court has held that the rational basis test applies when medical malpractice legislation is challenged on constitutional grounds.  
Bernier v. Burris
, 113 Ill. 2d 219 (1986).  Under the rational basis test the legislation must bear a rational relationship to a legitimate government interest.  
Illinois Housing Development Authority v. Van Meter
, 82 Ill. 2d 116 (1980).  The legislative classification is presumed valid and the burden of rebutting that presumption lies with the party challenging its constitutionality.  
Illinois Housing
, 82 Ill. 2d at 122.  If any state of facts may be conceived to justify the legislative act, then a finding of constitutionality is required.  
Illinois Housing
, 82 Ill. 2d at 122.  
We also note at the outset that plaintiff's due process and equal protection arguments were raised and rejected in 
Thompson v. Franciscan Sisters Health Care Corp.
, 218 Ill. App. 3d 406 (1991).
 

Section 13-212(b) of the Code of Civil Procedure provides as follows:

"(b) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person’s 22nd birthday.  If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987."  735 ILCS 5/13-212(b)(West 1992).

A.  DUE PROCESS

Plaintiff’s first contention is that section 13-212(b) singles out one class of minor plaintiffs, 
i.e.
, those injured by medical malpractice, and arbitrarily limits their time to sue to eight years.  Plaintiff asserts that this constitutes a violation of the right to due process secured by the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution.  We disagree.

A statute is valid on due process grounds if it bears a rational relationship to a legitimate government interest.  
Bernier v. Burris
, 113 Ill. 2d 219, 227 (1986).  A law that is arbitrary or unreasonable violates due process.  
People v. McCauley
, 163 Ill. 2d 414 (1994).  The plaintiff acknowledges that due process does not bar dividing the class of injured persons into subclasses of those injured by medical negligence and those injured by other types of negligence.  
Anderson v. Wagner
, 79 Ill. 2d 295 (1979).  In 
Anderson
, our supreme court upheld section 21.1 of the Limitations Act (formerly Ill. Rev. Stat. 1977, ch. 83, par. 22.1), a precursor to section 13-212, which established a four year outer limit within which to file a complaint for medical malpractice.  
Anderson
, 79 Ill. 2d at 312.  The supreme court stated that "the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish."  
Anderson
, 79 Ill. 2d at 312.  The court reviewed the legislative history and found that the legislature sought to curtail the "long tail" exposure to medical malpractice claims which was brought about by the discovery rule.  
Anderson
, 79 Ill. 2d at 312.  Because the four year outer limit was not unreasonable, the court held there was no due process violation.  
Anderson
, 79 Ill. 2d at 312.

The Appellate Court, Third District, used the supreme court's reasoning in 
Anderson
 when it was confronted with a challenge to the constitutionality of section 13-212(b).  
Thompson v. Franciscan Sisters Health Care Corp.
, 218 Ill. App. 3d 406 (1991).  The third district upheld section 13-212(b) and stated that "it was not unreasonable for the legislature to cut down [the] 'long tail' of liability so as to lend stability to the pricing of medical malpractice insurance for medical personnel involved in childbirths."  
Thompson
, 218 Ill. App. 3d at 409.  The court went on and stated that "[t]he legislature, when faced with the need to set some reasonable time limits on medical malpractice claims, could reasonably assume that parents and guardians would look after the interests of the affected minors, and it was not a violation of the minors' due process rights for it to make this assumption."  
Thompson
, 218 Ill. App. 3d at 410.  We agree with the third district.

Nevertheless, plaintiff argues that while section 13-212(b) lengthens the time a minor has to file a medical malpractice action beyond the four years accorded most malpractice victims, the time is far less than that allowed for minor victims of other types of negligence and asserts that the eight-year figure is arbitrary.  Plaintiff argues that this arbitrariness is illustrated by comparing two children with two different disabilities.  Plaintiff asserts that a child with an orthopedic injury who recovers has only eight years to sue while a child with a neurological injury who is left disabled and incompetent has no limit.  See 
Bruso v. Alexian Brothers Hospital
, 178 Ill. 2d 445 (1997)(holding that where a plaintiff in a medical malpractice action is a minor and also under another legal disability such as mental incompetency, the plaintiff's action is subject to the tolling provision of section 13-212(c) and not the eight-year repose period of section 13-212(b)).

Defendants assert, however, that a review of the legislative debates makes it clear that section 13-212(b) is a direct response to the escalation in medical malpractice insurance premiums and the substantial burden defense of stale claims places upon defendants in medical malpractice litigation.  During the floor debate, Senator Marovitz explained the reason why an eight-year period of repose was established for minors:

"The current Statute results in the potentiality of cases being filed as many as twenty-two years after the incident was allegedly malpractice.  This delay is a significant problem both because it creates an extended period of potential liability and because it makes it difficult to get appropriate evidence.  The passage of time often results in records being lost, witnesses having died or being impossible to locate and other serious problems.  ***  My understanding is that over ninety percent of the cases involving medical malpractice and minors are filed within seven years.  Accordingly, the added certainty will aid both in determining insurance rates and in the length of time for which a potential defendant is exposed while, based on past practice, not unreasonably limiting a plaintiff’s ability to bring a lawsuit." (85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 196-97 (Statements of Senator Marovitz).

As defendants assert, the selection of an eight-year limit was not arbitrary or unreasonable.  The legislature selected a period that was longer than the time within which most medical malpractice claims on behalf of minors are filed and provided an additional three years after the statute's effective date to protect minors whose claims were extinguished by the shortened period.

Likewise, a rational basis is readily apparent for different treatment of children subject to the dual disability of age and mental incompetence.  Where age is the only disability, it is likely that the child can communicate his/her physical symptoms to a parent or guardian.  However, if a child suffers from mental incompetence, the likelihood that he/she possesses the ability to communicate is not the same.

We find that section 13-212(b) does not violate due process because the legislature possessed a rational basis for selecting an eight-year period.  As defendants assert, section 13-212(b) does not impair a minor plaintiff's ability to bring a cause of action against a health care provider.  Rather, it only limits the time available in order to achieve a reasonable legislative purpose of having minor plaintiffs file their actions in a timely fashion.

B.  EQUAL PROTECTION

Plaintiff's next contention is that section 13-212(b) violates the right to equal protection because it treats minor victims of malpractice differently from minor victims of other types of negligence and also because it treats minors with age disabilities differently from minors with similar injuries but different competence disabilities.  We find that plaintiff's equal protection argument has no merit.

Plaintiff concedes that, as with due process, the test for challenged laws that do not affect a fundamental right is whether there is a rational basis for the legislature's decision to discriminate between persons in the same class.  
Illinois Housing Development Authority v. Van Meter
, 82 Ill. 2d 116 (1980).  

Plaintiff argues that under the challenged statute two minors injured in a hospital are governed by different limitations periods.  A minor injured when he falls out of a chair in a hospital has until two years after his eighteenth birthday to bring suit under 13-211.  See 735 ILCS 5/13-211 (West 1992).  Whereas, a minor injured by medical negligence must bring his suit within eight years under 13-212(b).  Plaintiff urges this court to consider this "great disparity" in treatment.  Plaintiff also argues that the statute is doubly discriminating because a minor who is mentally disabled is unlimited in terms of his ability to timely bring his claim. 

Plaintiff concedes that the concept of treating medical negligence victims differently than persons injured by other tortfeasors has already been endorsed by the courts.  Indeed, ample justification exists for treating minor victims of medical negligence different from minor victims of other types of ordinary negligence.

In 
Anderson
, the Illinois Supreme Court stated: 

"When [the legislature] enacted this statute, the legislature was directly addressing itself to a medical malpractice problem.  Its action was supported by recommendations of numerous commissions and authors that the 'long tail' of the discovery rule be curtailed by adding to the limitation period an outer time limit within which medical malpractice actions must be filed.  ***  The legislatures of many other states have enacted similar limitations on medical malpractice actions.  ***  Thus we must conclude that there was a reasonable attempt to remedy what the legislature perceived to be a medical malpractice insurance crisis.  Whether the course was wise or the best means of accomplishing the result desired is a matter for legislative determination."  
Anderson
, 79 Ill. 2d at 316.

In 
Thompson
, the plaintiff argued that "classifying and treating minor victims of medical malpractice differently from minor victims of other forms of negligence" was an equal protection violation.  
Thompson
, 218 Ill. App. 3d at 411.  The Appellate Court, Third District, rejected this argument and stated:

"[A]s we have already observed, the legislature perceived a problem within the area of medical malpractice, and in addressing that problem chose to treat plaintiffs alleging medical malpractice (both adults and minors) differently from plaintiffs alleging other forms of negligence.  As 
Anderson
 noted, the legislature's solution in the form of a shortened statute of limitations was not unreasonable in light of what it was trying to accomplish.  We conclude that plaintiff has not established that section 13-212(b) violates her Federal or State equal protection rights."  
Thompson
, 218 Ill. App. 3d at 411.

Since a different repose period for minors injured through medical malpractice and minors injured by other types of negligence is rationally related to a legitimate state purpose, we find the statute does
 not violate equal protection.

Plaintiff's second equal protection argument is that no rational basis exists to distinguish between victims of medical malpractice disabled by age alone, and victims of medical malpractice subject to the dual disabilities of age and mental incompetence.  We believe that this argument also lacks merit.

Again, the rational basis test applies and requires a finding that legislative acts are not unconstitutional if any state of facts reasonably may be conceived to justify them.  
Illinois Housing
, 82 Ill. 2d at 122.  As we already discussed, a rational basis exists on which to distinguish between medical malpractice victims disabled by age only, and those disabled by both age and mental incompetence.  As the third district reasoned in 
Thompson
, the legislature could reasonably expect that parents and guardians will protect the rights of children.  
Thompson
, 218 Ill. App. 3d at 410.  However, this presupposes children are able to communicate with their parents or guardians.  This presumption is not necessarily applicable when minority is coupled with the additional disability of mental incompetence.

Because the legislature could reasonably perceive a difference in the circumstances involving the medical malpractice claims of persons disabled by age only and those disabled by both age and mental incompetence, the distinction recognized in section 13-212 is rationally related to a legitimate legislative goal.  Accordingly, we find section 13-212 does not violate the equal protection guarantees of the Illinois or United States Constitutions.

C.  ACCESS TO COURTS

Plaintiff's third constitutional challenge to section 13-212(b) is based on article I, section 12, of the Illinois Constitution, which provides "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person."  Ill. Const. 1970, art. I, §12.  Plaintiff contends section 13-212(b) destroys a minor plaintiff's right of access.  We disagree.

As defendants note, Illinois courts regard this portion of the constitution as "an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form or that the nature of the proof necessary to the award of a judgment or decree continue without modification."  
Sullivan v. Midlothian Park District
, 51 Ill. 2d 274, 277 (1972).

The case of 
Mega v. Holy Cross Hospital
, 111 Ill. 2d 416, 424 (1986), is dispositive on this issue.  In 
Mega
, the Illinois Supreme Court stated that this constitutional provision may be implicated when a statute bars or eliminates an entire category of cases, but it has no application to a statute that merely restricts the time within which a plaintiff may file suit.

Since section 13-212(b) does not bar a minor plaintiff from bringing suit, we find that it does not violate article I, section 12, of the Illinois Constitution.

D.  SPECIAL LEGISLATION

Plaintiff's final contention is that section 13-212(b) is unconstitutional because it constitutes special legislation.  We disagree.

Article IV, section 13, of the Illinois Constitution provides that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable."  Ill. Const. 1970, art. IV, §13.  Special legislation confers a special benefit or exclusive privilege on a person or a group of persons to the exclusion of others similarly situated.  
Cutinello
 v. Whitley
, 161 Ill. 2d 409 (1994).  The purpose of the special legislation provision is to prevent arbitrary legislative classifications.  
Cutinello
, 161 Ill. 2d at 417.  The review of special legislation is governed by the same standard used to review equal protection challenges.  
Cutinello
, 161 Ill. 2d at 417. 

Plaintiff argues that, in this case, the class consists of minor plaintiffs who sustained injuries as a result of medical negligence and that section 13-212(b) puts a special burden on some members of that class.  Plaintiff asserts that while all the class members are disabled by age, section 13-212(b) puts a special burden on those who do not have an additional handicap, 
i.e.
, those who are not permanently mentally incompetent.  Plaintiff goes on to argue that under a balancing test the impact of the legislation on the "long tail" is limited because it addresses only part of the problem group but does so by tremendously burdening part of the group. 

As with plaintiff's due process and equal protection challenges, the question whether section 13-212(b) constitutes special legislation invokes the rational basis test.  
Bernier v. Burris
, 113 Ill. 2d 219 (1986).  
Bernier
 followed 
Anderson v. Wagner
, 79 Ill. 2d 295 (1979), which held that the standard of review applied when legislation is challenged under article IV, section 13, is to determine whether a rational basis exists for differentiating between the class to which the law is applicable and the class to which it is not.  
Anderson
, 79 Ill. 2d at 315.  

We note that, after oral arguments, plaintiff filed a motion for leave to cite additional authority which was granted.  Plaintiff cites a recent Illinois Supreme Court case, 
Best v. Taylor Machine Works
, 179 Ill. 2d 367 (1997), holding that "An Act to amend certain Acts in relation to civil actions, *** the Civil Justice Reform Amendment of 1995" (Pub. Act 98-7, eff. March 9, 1995) which completely rewrote section 2-1117 of the Code of Civil Procedure violated the Constitution's prohibition against "special legislation" by providing that joint liability applied only in cases alleging medical malpractice and not in actions for death, bodily injury, or property damage.  
The court found that section 2-1117(b) "arbitrarily and unconstitutionally provides a special benefit for medical malpractice plaintiffs."  
Best
, 179 Ill 2d at 432.   

The situation in the instant case is dissimilar.  Here we have a class of minors injured by medical malpractice.  This class contains minors who suffer from an additional disability of mental incompetence.  As we already discussed, a rational basis exists to distinguish between medical malpractice victims disabled by age only, and medical malpractice victims disabled by both age and mental incompetence.

   Therefore, since the classification at issue bears a rational relation to the purpose of the act and the evil it seeks to remedy, it does not violate the constitutional ban on special legislation.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, JJ., concur.